OPINION
Defendant-appellant, Geraldine Manley, appeals from the judgment and sentence of the Lima Municipal Court, Allen County, in which the court found her guilty of criminal trespass in violation of R.C. 2911.21(A)(1).
Defendant's conviction stems from an incident occurring at her son's high school on April 10, 1997. On that morning, defendant received a call from her son, Travis, relating that he was not permitted to go to school because of his suspension. Following her son's call, defendant went to the school office where her son was sitting. According to defendant's testimony, she proceeded, without an appointment, to enter the principal's office to discuss her son's suspension. The principal explained that she would have to talk to the associate principal and indicated that he was going to get him. When defendant and her son then met with the associate principal, Travis immediately became very agitated. During this time, Travis was yelling and screaming at the associate principal. The principal testified at trial that he asked the defendant and her son to leave the school premises. Meanwhile, security personnel were called to have them removed from the school building. The security officer who arrived further ordered defendant and her son to leave, but they refused to do so. The defendant was thereafter arrested for criminal trespass.
A trial to the court was held on July 29, 1997, and defendant was found guilty of criminal trespass and sentenced accordingly. Defendant now appeals from the judgment and sentence rendered by the trial court and raises the following four assignments of error:
 The trial court below committed error prejudicial to the defendant by not granting the defendant's motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure at the close of the State of Ohio's case in chief.
 The trial court below committed error prejudicial to the defendant by finding that the defendant-appellant here was causing a disturbance on public property where the evidence is clearly contrary to that fact as the basis for finding that the defendant could be told to leave a school building where her son is a student and she was present for legitimate parental reasons.
 The trial court below committed error prejudicial to the defendant by not applying the proper standard of the law of criminal trespass to this defendant where there was legitimate entry onto a public place (a public school) and when such right to remain on said premises when not causing a disturbance is not properly revoked.
 The ruling and verdict of the trial court below was against the manifest weight of the evidence.
In her assigned errors, defendant essentially challenges the sufficiency of the evidence to support her conviction. Specifically, defendant contends that the State failed to prove that she was without privilege to enter and remain upon school property. Defendant asserts that she had a privilege to come to the school to discuss the disciplinary action taken against her son and that the school officials did not have a reasonable basis to revoke her privilege. On the other hand, the State contends that any privilege the defendant may have possessed on the day in question was clearly revoked when the disturbance occurred and she was ordered off the school property several times by school officials.
R.C. 2911.21(A)(1) defines "criminal trespass" as follows:
 (A) No person, without privilege to do so, shall do any of the following:
 (1) Knowingly enter or remain on the land or premises of another[.]
As the term "privilege" is statutorily defined under R.C.2901.01(A)(12), a privilege may arise out of a status, position, office, or relationship. As a general rule, the privilege to enter or remain upon specific property, once granted or conferred, may not be revoked arbitrarily or capriciously. See City ofColumbus v. Andrews (Feb. 27, 1992), Franklin App. No. 91AP-590. There must be some reasonable or legitimate basis for withdrawing the privilege. Id.
On a motion for acquittal, Crim.R. 29(A) states:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
Additionally, it is well established that in determining whether sufficient evidence exists to support a criminal conviction, an appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. Id. In reviewing the sufficiency of the evidence, the credibility of the different witnesses who testified at trial and the weight to be given their testimony is primarily an issue for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,231.
In this case, it is clear from the record that defendant's son was creating a disturbance. As a consequence of his behavior, the school principal asked that defendant and her son leave the premises. Further, there was evidence that defendant was again told to leave the school premises when the security officer arrived and she again refused. Under the facts of this case, the trial court could have reasonably chosen to disbelieve defendant's testimony that she had not been asked to leave.
While the defendant's initial presence on the school premises may have been privileged, reasonable minds could conclude under the circumstances that there was a reasonable or legitimate basis for revoking defendant's privilege to remain on the premises and that her refusal to leave constituted criminal trespass. Thus, when viewing the evidence presented in a light most favorable to the State, we find that the trial court did not err in denying defendant's motion for acquittal. Moreover, we conclude that a rational trier of fact could have found the essential elements of the offense were proven beyond a reasonable doubt.
Accordingly, all of the defendant's assignments of error are overruled, and the judgment and sentence entered by the trial court is affirmed.
Judgment affirmed.
BRYANT and HADLEY, JJ., concur.